Allen, J.
It may be considered as well settled, that where the consideration moves from the wife, as for her per *514 sonal services, or for a debt to her dum sola, or on account of her real estate, or for a legacy to her, or where a bond or promissory note is given to her, which of themselves import a consideration, she may join her husband in an action, and the cause of action will survive to her. The authorities are reviewed and commented on in the case of Philliskirk & ux. v. Pluckwell, 2 Mau. & Selw. 393. and Nash v. Nash, 2 Madd. 133. The first case was on a promissory note given to the wife. The circumstances under which it was given are not set forth; but lord Ellenborough said—“ If it had been necessary to state a consideration, there might have been weight in the argument ; but here, is not the wife the meritorious cause of the action ? She is the donee of the promissory note, and it is acquired through her, and the note is a thing which of itself imports a consideration.” The case of Nash v. Nash was in chancery; but the question arose on a promissory note given to the wife. The facts shewed she was the meritorious cause, and it was held the action survived.
The instrument of writing in the present case is not a promissory note. It is not an engagement to pay to the wife, by an instrument which in law is presumed to have been made upon an adequate consideration. The instrument is mere evidence of a consideration, from which a promise may be implied. But does it furnish conclusive evidence, that the consideration moved from the wife ? It does not to my mind. Property in possession of the wife, by legal intendment, belongs to the husband. If, in reality, this had been the money of the husband, lent by the wife, could it be maintained, that, by taking an acknowledgment of the loan to herself, the interest of the husband was thereby divested if she survived? Upon proof of the fact, would not his representative be entitled ? If he would, what is there to prevent the maker, who has a claim against the husband, from shewing the same fact? We must look in this *515 case to the consideration set out: there being no express . . ■ r i promise, importing a consideration moving irom the promisee, we must see the consideration set out from which the implied promise is raised. That consideration is money loaned by the wife ; it may or may not be the separate estate of the wife : being personalty, in legal intendment, it belonged to the husband.
In the case of Holmes & wife v. Wood, cited in Weller v. Baker, 2 Wils. 424. assumpsit was brought for a cure by the wife and for medicines and plaisters. It was held, on demurrer, that the husband and wife could not join for the medicines and plaisters : they belonged to the husband. But it might with as much reason have been insisted there, that the medicines and plaisters were the separate property of the wife, as it could be here, that making an instrument acknowledging the borrowing of money from the wife, was conclusive evidence that the money was the separate estate of the wife.
The court, it seems to me, by excluding the evidence of setoff offered by the defendant, undertook to decide the question of fact upon the face of the instrument. The instrument furnished evidence, strong evidence, that the money was hers, and that the defendant knew it. The setoffs offered would in my opinion have strengthened the presumption arising from the face of the instrument. For, if the defendant had not known he was dealing in reference to the separate funds of the wife, the regular course •would have been, to have executed a receipt to the husband for so much paid, instead of making the instrument he did. But these were circumstances to be considered and weighed by the jury.
I think therefore, the court erred both in excluding the proof offered by the defendant, and in giving the instruction in the terms it did. By declaring the right of action was in the wife, having survived to her, it undertook to determine upon the weight of the evidence, and in effect decided that the instrument, on its face, con *516 clusively shewed that the consideration moved from the wife. The proper instruction would have been, that, if from the facts the jury believed the consideration stated moved from the wife, then the right of action was in the wife, and the defendant, in that case, would not be entitled to setoff against her demand, the debt due to him by her deceased husband.
Stanard, J.
The material question argued at the bar, and I think the only one that arises on the record, is that propounded by the instruction moved for by May. If the action is sustainable, it is so because the right to it survived to the wife, notwithstanding her coverture at the time the acknowledgment was given. If it did survive, the separate debt of her husband could not (but under special circumstances, which do not appear’) be used as a setoff to extinguish her claim; and if it did not survive, the setoff was of no use, because there whs no claim to be repelled or satisfied by the setoff.
The criterion by which the question whether the action survived to the wife is to be resolved, is furnished by ascertaining, whether, in the particular case, had the husband sued in his lifetime, he might have sued in the joint names of himself and his wife ? If the claim be such, that the husband must or might have joined his wife in the action for it, then, if it remain at his death outstanding and unappropriated by him, the action survives to and may be brought by the wife. The question, then is, whether, if the action had been brought by the husband in his lifetime, he could, on what appeal’s, have brought and maintained it in the name of himself and wife? The counsel for the plaintiff'in error, by an ingenious and discriminating analysis of the many cases bearing on the question (the seeming conflict and incongruity of which induced the court, in one of them, to characterize them as a farrago), deduces the conclusion, that the wife may be joined, wherever the *517 contract is made with her and the contract per se imports consideration, dispensing with the averment of consideration in the pleadings, or where, on the face of the pleadings, the wife is the meritorious cause of the action. If this deduction be accurate, still, for the adjudication of the question whether the particular case comes within the latter part of it, it is necessary to en-quire what are the cases in which the wife can justly be said to be the meritorious cause of the action ? Confessedly among these are the cases in which the transaction or contract, which is the foundation of the action, is with the wife for her special service, or the consideration is one in which she has an interest, or which her husband claims through her. In these, she may be joined in the action, and it will survive.
Here, the action is brought for a debt, and the declaration vouches an acknowledgment of that debt to the wife. The debt contracted is for money borrowed of the wife. If the money borrowed was the money of the husband, then neither the services of the wife are the foundation of the action, nor is the consideration one in which she had any interest, or which the husband claims through her; and so, she could not be joined in an action for it: but if the money was the wife’s, as between her and her husband, then she might well be joined. Could she have such title ? This was denied by the counsel for the plaintiff in error; and he maintained the broad proposition, that, though the wife may be entitled to separate interests to which the rights of the husband would not attach, yet when money comes to her possession, though it be the produce of her separate estate, it instantly becomes the money of the husband. That proposition is inconsistent with well settled doctrines. So far from money, the proceeds of separate property of the wife, being subject, so soon as it reaches her hands, to the marital right, it does not become so even when it reaches the hands of the husband; and if *518 it comes to his hands, and he uses it without the wife’s consent, express or implied, he becomes indebted for it, and his estate is liable for the debt. 2 Roper on Prop. 227. Parker v. Brooke, 9 Ves. 583. The wife, then, may have had an interest in that which is the subject of this action; and the transaction out of which the action arises, is one between her and the plaintiff in error.
It is equally true, that the acknowledgment alone does - not conclusively shew, that she had such interest: the money may have belonged to her husband; and if so, no action could have been supported in the name of the husband and wife during the coverture, or in her name after his death. When nothing but the acknowledgment appears, how is the question to be decided, whether this is to be considered a claim in which the wife had an interest, or one for which the husband only could sue ?
My first impression was, that this was a question for the jury; and, in that view, that while the court was right in overruling the motion to instruct the jury that the action could not be sustained, it was wrong in instructing them that the action survived; for by that instruction, the court decided the question of fact, that the wife was entitled to the money which was the consideration of the acknowledgment, and so improperly intercepted the decision thereof by the jury. And pursuing this view, I should have concurred with judge Allen in the result—to send the cause back, with directions to receive all the evidence, and leave to the jury the decision of that question of fact, under an instruction that they were at liberty to infer interest in the wife from the acknowledgment of the debt being made to her, and that the indebtedness of the husband to the party who gave the acknowledgment, strengthened the inference of such interest in the wife. But, a further consideration of the case has satisfied me that the in *519 struction was proper. The exception ascertains all the evidence in the case, given or offered, and the instruction to the jury was sought by the plaintiff in error upon the whole evidence. The acknowledgment was of a transaction between the wife and him. That transaction was one which entitled her to the action, if the consideration was one in which she had an interest not absorbed by the marital rights of her husband. It imported an admission by the plaintiff in error, that such interest existed,- and although such admission might not preclude evidence of a state of facts shewing the nonexistence of such an interest, yet none such was in proof or offered to be proved. It was incumbent on the plaintiff in error, to furnish such proof: and the instruction of the court, that the action survived, taken in reference to the case before it, is nothing more than that it was incumbent on him, to control the implication from the transaction and the acknowledgment, by proof of other facts which had not been furnished. Where the consideration does not appear, the court intends, if the contract or transaction be with the wife, that she is the meritorious cause of it. So, in the case of Philliskirk v. Pluckwell, 2 Mau. & Selw. 396. Bayley, J. supported the action in the name of the wife, the note being given to her—saying, it did not appear, negatively, “ that the wife was not the meritorious cause of the action,” and because it might have been given for a debt due to her dum sola. If when no consideration appears, and the contract is with the wife, the court sustains the action in her name, because the consideration may have come from her, and will so intend unless the contrary appears; when the consideration which does appear, is one in which her interest is acknowledged by the contract, and which she may possess, and that interest is not disavowed by the husband, the court will make the intendment, unless the contrary appears.
*520 The accuracy of this deduction depends on the compass given to that part of it, which refers the right of joinder of the wife in the action to her merit or agency causing it. My impression is, that the rule furnished by a correct generalization, more fitted for practical use,' may be thus expressed—Wherever the action is on an express contract with the wife, or the husband and wife, the wife may be joined, unless the consideration averred in the pleadings, or shewn in proof on the trial, be one in which the wife cannot be intended to have an interest ; and in every such case, if the interest of the wife be not disaffirmed by the husband by the appropriation of the cause of action to his sole use, the wife surviving will be entitled to it. The cases from which the rule is extracted, which reconciles many seeming discrepances, are Hilliard v. Hambridge, Aleyn 36. Pratt & ux. v. Taylor, Cro. Eliz. 61. Breshford v. Buckingham, Cro. Jac. 77. Abbot v. Blofield, Id. 644. Bedgood v. Way & ux. 2 W. Blacks. 1236. Philliskirk & ux. v. Pluckwell, 2 Mau. & Selw. 393. Nash v. Nash, 2 Madd. 133. Garforth v. Bradley, 2 Ves. Sr. 676. Richards v. Richards, 2 Barn. & Adolph. 447. 22 Eng. C. L. R. 119. Wills v. Nurse, 1 Adolph. & Ell. 65. 28 Eng. C. L. R. 40.
Cabell, J.
It is important to understand the true nature of the question raised by the bill of exceptions in this cause. I do not understand it as relating to the form of the action, but to the right of the plaintiff to bring any action for the debt claimed in the declaration. The writing described in the declaration, is not a specialty ; nor is it a promissory note for the payment of money; for there are no words which indicate a promise, or obligation, or accountability, on the part of the defendant. It is a mere acknowledgment of having borrowed money from the plaintiff. It might therefore admit of question, whether the plaintiff could declare *521 upon it, as she has done, as a promissory note, or instrur . ment creating, proprio vigore, an obligation to pa.y; or whether the action ought not to have been either debt, or indebitatus assumpsit, for money borrowed; in both of which cases, the note would be used, merely as evidence of the debt. But such a question relates merely to the form of the action, and could only be raised by demurrer to the declaration. The true question intended to be raised by the bill of exceptions in this case, is whether, admitting the form of the action to be correct, the right to institute it survived to the wife on the death of the husband? It is certain that the court below so regarded it.
It is undeniably true, that all choses in action due to the wife, whether they come to her before marriage, or during the coverture, may be sued for and recovered by the husband: the former, by suit in the name of the husband and wife ; the latter, by suit in the name of the husband and wife, or in the name of the husband alone. It is equally true, however, that if the husband fail to recover them during the coverture, the right to recover them survives to the wife. Co. Litt. 351. The husband, in this case, having died before the wife, the question whether the action survived to the wife, would seem to be resolvable into another, viz. whether the chose in action evidenced by the writing described in the declaration, was, or was not, in its origin and. nature, a valid chose in action due to the wife, or to the wife and to the husband jointly ? If the writing in this case had been a promissory note, I think there could have been no doubt on the subject. In Philliskirk v. Pluckwell, 2 Mau. & Selw. 393. the action was brought in the name of husband and wife, on a promissory note executed to the wife during coverture, for value received. It was objected, that as the note appeared to have been given to the wife alone, during coverture, and did not state on the face of it, that it was on account of any *522 meritorious consideration moving from her, the husband . , alone ought to sue; but it was held, that a promissory note to the wife imports of itself a consideration on the part of the wife, and shews her to be the meritorious cause of the action j and consequently that the action was well brought in the name of husband and wife. And wherever the action might have been brought in the name of husband and wife, the action survives to the wife on the death of the husband. And these principles were recognized in Nash v. Nash, 2 Madd. 133.
But although this is not a promissory note, does it not sufficiently appear, that the wife was the meritorious cause of action ? Here is an acknowledgment by the defendant, that the money claimed in the suit was borrowed by him of the plaintiff. A wife may have in her hands, money, over which she has a control as independent of her husband as if she were a feme sole. It may be money which she holds as executrix, administratrix, trustee or attorney in fact; or it may be money which has been conveyed to trustees for her separate use and benefit, and which has been put into her hands by her trustees, for supplying her wants as occasion may require. In all such cases, the law recognizes the rights of the wife to the money, as distinct from those of her husband. If the money had been borrowed as the money of the husband, the written acknowledgment given by the defendant as evidence of the transaction, ought, regularly, to have stated, and probably would have stated, that the money was borrowed of the husband and not of the wife ; or if the money had, in fact, been the husband’s, I presume it would have been competent to the defendant to prove the fact on the trial, and thus to shew that this never was a chose in action of, or due to, the wife. But no such evidence was offered. The case stands on the mere acknowledgment of the defendant. What is its effect, as testimony, in th,e cause ? *523 Let it be remembered that the defendant, by his motion, has referred its effect to the decision of the court. I am clearly of opinion, that as a married woman may have money separate and distinct from all right or control on the part of the husband, such an acknowledgment as that contained in the declaration (an acknowledgment that the money was borrowed of the wife) is not only proof of the fact of borrowing, but imports of itself, prima facie, that the money was the wife’s, and not the husband’s; and that, there being no opposing testimony, this presumption becomes conclusive. If this be so, it is manifest that the chose in action was due to the wife, and that she is the meritorious cause of the action ; and, consequently, that the action survived to her on the death of the husband.
I am therefore of opinion, that the court below acted correctly in refusing to give the instruction that was asked, and in giving that which it did give. There was no invasion of the rights of the jury; for where, as in this case, all the facts are admitted, except such as the law implies from those which are admitted, it is the province of the court to decide the question, whether the action survives or not.
I shall now briefly advert to that part of the defendant’s exceptions relating to the exclusion of certain evidence offered by him—[Here the judge stated the evidence]. The purpose of the defendant May, in offering the bond and deed of trust in evidence, was to prove that Edward H. Boisseau was, at the date of the note sued on, and had been for a long time before, indebted to him, in a much larger sum than the amount of the note sued on, and his purpose in offering the endorsements in evidence, was, to prove that he “ the defendant had allowed Edward II. Boisseau a credit for the money specified in the said note, in part of the debt due by the bond.” Now, without deciding whether the court was right or wrong in rejecting this testimony, I *524 am clearly of opinion, that, admitting it to have been erroneous, it is an error of which the appellant cannot take advantage. No man is allowed to take advantage of an error which did not, and could not, injure him. This testimony would have proved almost to demonstration, that the money borrowed was not the money of Edward H. Boisseau, arid in so doing would have destroyed the pillar of May’s defence. It also disproves the fact that credit had been given for the money on the penal bill; the credit was entered upon a condition that has not been performed.
The judgment is affirmed.